UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Clemens,

          Petitioner,    Case No. 15-12725

v.

                              Judith E. Levy
Dewayne Burton,             United States District Judge

          Respondent.    Mag. Judge David R. Grand

_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION [14], (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL IN <u>FORMA PAUPERIS</u>**

Before the Court is Respondent Dewayne Burton's motion to dismiss Michigan prisoner William Clemens' ("Petitioner") habeas case. (ECF No. 14.) Petitioner was convicted after a jury trial in the Wayne County Circuit Court of assault with intent to commit murder and related firearm offenses. He was sentenced to three prison terms, the longest of which is 31 years and 3 months to 60 years for the assault conviction. He brings this case under 28 U.S.C. § 2254.

The case was stayed for an extended period while Petitioner pursued state court post-conviction review. (*See* ECF Nos. 9, 12.) Upon returning from state court, Clemens filed an amended petition raising five claims: (1) the trial court erred in failing to instruct the jury on self-defense, (2) the trial court erroneously scored the sentencing guidelines, (3) his trial counsel was ineffective for failing to investigate the criminal history of the victim, (4) his appellate counsel was ineffective for failing to raise the claims Clemens describes in his first, second and third habeas claims one, two, and three on direct appeal, and (5) the trial court violated the constitutional prohibition of *ex post facto* laws by increasing his sentence based on aggravating factors added to the sentencing guidelines after the offense was committed. (*See* ECF No. 11.)

Respondent filed a motion to dismiss, asserting that Clemens originally submitted the case after the expiration of 28 U.S.C. § 2244(d)'s one-year statute of limitations. Petitioner did not file a response to the motion. For the reasons stated below, Respondent's motion is granted, and the petition is dismissed.

## I. Background

Petitioner and his wife, Thelma Chavous, were jointly tried in connection with the May 25, 1999 shooting of Dwight Little. The prosecution presented evidence at trial indicating that Petitioner and Chavous asked Little, a known drug user, to accompany them to assess the quality of some drugs Petitioner wished to purchase.

Petitioner and Chavous drove Little to a sparsely populated area of Detroit. Little was directed to walk towards a house where he expected the drugs to be located. Instead, Petitioner pulled a handgun from his pocket. Little asked Petitioner if this was about money he owed him, and he continued to plead with Petitioner as the two struggled for control of the pistol. Petitioner nevertheless fired six shots, striking Little multiple times. Little fell to the ground. Petitioner stepped over Little and pointed the gun at his face. Little heard the gun click twice without firing, seemingly because it was out of bullets.

Petitioner and Chavous drove off. Little, shot multiple times in the arm, neck, and face, managed to make his way to a nearby house. The resident told him to get off the porch and that 9-1-1 had already been called. Little lay down on the sidewalk and waited for help. Little

identified his assailants before emergency personnel loaded him into the ambulance. After a lengthy hospital stay, Little recovered enough from his wounds to testify against Petitioner and Chavous at trial. (ECF No. 15-17, PageID.1049–1200.)

As previously set forth, following trial, Petitioner was convicted and sentenced. Petitioner appealed his sentence: His appellate counsel filed a brief that raised what now forms Petitioner's first and second habeas claims. On May 6, 2004, the Michigan Court of Appeals affirmed the trial court in an unpublished opinion. *People v. Clemens*, 2004 WL 981202 (Mich. Ct. App. May 6, 2004). Clemens appealed to the Michigan Supreme Court, raising the same claims, but on December 29, 2004, his application for leave to appeal was denied. *People v. Clemens*, 471 Mich. 948 (2004) (Table). Petitioner's conviction became final ninety days later, on or about March 30, 2005, when the time to file a petition for *certiorari* in the United States Supreme Court expired.

About seven months later, on October 12, 2005, through newly retained counsel, Petitioner filed a motion for relief from judgment in the trial court. (ECF No. 15-22.) The motion raised what now forms Petitioner's third and fourth habeas claims. The trial court denied the

4

motion by order dated November 14, 2005. (ECF No. 15-23.) Petitioner did not appeal that decision, and the time for doing so expired one year later, on or about November 14, 2006. *See* MCR 7.205(A)(4)(a).[1]

Over seven years later, on December 14, 2013, Petitioner filed a second motion for relief from judgment in the trial court. (ECF No. 15-24.) In the motion, Petitioner asserted that the Supreme Court's then-recent decision, *Peugh v. United States,* 569 U.S. 530 (2013), created a new rule of constitutional law that an *ex post facto* violation occurs when an amendment made to the sentencing guidelines after the date of the crime increases the advisory sentencing range and is retroactively applied to a defendant. Petitioner contended that such an amendment to the Michigan sentencing guidelines substantially increased the sentence range applied to him. This argument now forms Petitioner's fifth habeas claim.

The trial court denied the motion by order dated June 9, 2014, finding that although Petitioner was sentenced "in violation of both statutory law and the Constitutional proscription against *ex post facto*

---

[1] The 2011 amendment to MCR 7.205 reduced the late appeal period from twelve months to six months.

5

laws" and the trial court, the Court of Appeals, and the Michigan Supreme Court issued "clearly erroneous rulings" in his case, state procedural rules prevented Clemens from raising this claim in a successive motion for relief from judgment. (ECF No. 15-27) The court rejected Petitioner's argument that *Peugh* created a new rule applicable to state sentencing guidelines or that the incorrect scoring of Petitioner's sentencing guidelines was in fact an *ex post facto* application of the guidelines. (*See id.*) Specifically, the court found that Clemens' claim challenging the scoring of his guidelines could have been raised—and was in fact raised—in his direct appeal. (*See id.* at 1616.) Further, the court noted that the Supreme Court established that the retroactive application of state sentencing guidelines violates the *ex post facto* clause in *Miller v. Florida*, 482 U.S. 423 (1987), a case that predates the incident at issue in Petitioner's case and the *Peugh* decision. (*Id.*, PageID.1621–1622.)

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the same claim. On August 11, 2014, the Michigan Court of Appeals denied leave to appeal in a standard order. (ECF No. 15-37, PageID.1765.) The Michigan Supreme Court also denied

6

leave to appeal by form order issued on June 10, 2015. *People v. Clemens*, 497 Mich. 1041 (Mich. 2015) (Table).

Clemens then submitted his federal habeas petition on July 27, 2015, which was filed by the clerk on July 30, 2015. (ECF No. 1.) Soon thereafter, Petitioner moved to stay the case so that he could return to state court to file yet another post-conviction proceeding to raise a claim that his sentence was based on unconstitutional judicial factfinding under *People v. Lockridge*, 498 Mich. 358 (2015). The Court granted the motion and held the petition in abeyance. (ECF No. 9, PageID.80, 87.)

On November 19, 2015, Petitioner then filed a third motion for relief from judgment in the trial court. The trial court found that Petitioner's *Lockridge* claim was not based on any retroactive change in the law or newly discovered evidence, and therefore the successive motion was procedurally barred. (ECF No. 15-30.) Petitioner filed a motion for reconsideration of the order in Wayne County Circuit Court. (ECF No. 15-32.)

Several years later, Petitioner retained another attorney. On April 21, 2019, Petitioner's attorney filed a fourth motion for relief from judgment in the trial court, arguing that Petitioner's trial counsel was

7

ineffective for failing to assert his *ex post facto* challenge to the sentencing guidelines at the original sentencing hearing, and that his direct appeal attorney was ineffective for failing to assert an ineffective assistance of trial counsel claim as a basis for circumventing the problem with the underlying *ex post facto* claim being unpreserved. (ECF No. 15-33, PageID.1645–1647.) The trial court rejected the motion as another unauthorized, successive, post-conviction motion. (ECF No. 15-35.)

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, but the appeal was dismissed by order dated May 20, 2020. (ECF No. 15-40, PageID.2009.) On October 27, 2020, the Michigan Supreme Court denied review on the same basis. *People v. Clemens*, 506 Mich. 941 (2020) (Table).

On November 30, 2020, Clemens moved to reinstate his federal habeas petition. (ECF No. 11.) Within the motion, Petitioner sets forth five claims for relief that he previously asserted in his direct appeal, his first motion for relief from judgment, and his second post-conviction motion, but he does not raise the *Lockridge* claim he presented to this Court in his earlier motion to stay his habeas petition. (*See id.*)

8

The Court ordered the case reopened (ECF No. 12), and thereafter, Respondent filed this motion to dismiss the petition as untimely. (ECF No. 14).

## II. Legal Standard

Respondent styles its motion as a motion to dismiss. However, the Court construes it as a motion for summary judgment because Respondent's motion and the record before the Court include documents outside of the pleadings. *See Anderson v. Place*, 2017 WL 1549763, *2 (E.D. Mich. May 1, 2017).

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)). This standard of

review may be applied to habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

## III. Analysis

### A. Claims

There is a one-year statute of limitation for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Unless one of the special statutory conditions listed in § 2244(d)(1)(B–C) applies, the one-year period begins runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A),

Here, Petitioner's conviction became final for purposes of the statute of limitations on or about March 30, 2005, when the time to file a petition for certiorari in the United States Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 152 (2012). The limitations period ran from that date for about seven months when, on October 31, 2005, Petitioner filed his first motion for relief from judgment.

On October 31, 2005, the period of limitations stopped running because Petitioner filed a motion for relief from judgment, and the limitations period is tolled "during the pendency of 'a properly filed

10

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 562 U.S. 545, 550–51 (2011) (quoting 28 U.S.C. § 2244(d)(2)).

The trial court denied Clemens' motion for relief from judgment on November 14, 2005, and Clemens did not attempt to appeal the decision. The limitations period did not immediately start running again. Rather, the clock remained stopped until the time for appealing the trial court's order expired one year later, on November 14, 2006. *See* MCR 7.205(A)(4)(a). This is because a state post-conviction proceeding is considered to be pending under § 2244(d)(2) if it is capable of being appealed. *See Holbrook v. Curtin*, 833 F.3d 612 (6th Cir. 2016).

So, with about seven months already elapsed on the limitations period, the statute of limitations started running again on or about November 14, 2006, when the time for appealing the trial court's order ended. Therefore, under § 2244(d)(1)(A), the period for filing a timely federal habeas petition expired about five months later in April 2007, years before Clemens first filed his federal habeas petition in July 2015.

It is true that Petitioner filed three additional post-conviction review proceedings in the state courts. However, because the statute of

11

limitations had already elapsed, none of those motions tolled the limitations period. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (stating that a properly filed post-conviction motion tolls the limitations period, but it does not "restart" a limitations period that has already run). So too, this Court's order staying the case did not reset the limitations period. While the Court granted Petitioner's motion to stay the case to allow him another attempt at state post-conviction review—noting the statute of limitations concern—it did not rule or conclude that the Clemens' petition was timely filed.

Therefore, if § 2244(d)(1)(A) sets that starting point for the statute of limitations, the petition was untimely filed. But there are three other possible starting points.

Under § 2244(d)(1)(B) the limitations period to file a habeas petition begins on the date unconstitutional state action preventing a prisoner from filing a federal habeas petition is removed. There is no suggestion in the record of this case of any such impediment, so that section does not apply.

Under § 2244(d)(1)(D), the period to file a habeas petition commences when the factual predicate to a petitioner's claim could have

12

been discovered with due diligence. But all of Petitioner's habeas claims are based on facts known to him at the time of trial and sentencing, so this section does not provide a later starting point in this case.

This leaves § 2244(d)(1)(C), "the date on which the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," as a possible starting point for the period to file a habeas petition. In the state courts Petitioner argued that his *ex post facto* claim is founded on *Peugh v.*, 569 U.S. at 530, a 2013 case. And Petitioner's fifth habeas claim is that his sentence subjected him to an *ex post facto* law, in violation of the Constitution. (*See* ECF No. 11, PageID.111.)

*Peugh*, however, did not create the rule of constitutional law prohibiting retroactive application of harsher sentencing guidelines than existed at the time of the offense. That rule was recognized in *Miller v. Florida*, 482 U.S. 423, 431–35 (1987) (sentencing state defendant to harsher sentencing guidelines than existed when crime committed violated *ex post facto* prohibition in constitution). In fact, *Peugh* is an expansion of the rule announced in *Miller* to the post-mandatory version of the *federal* sentencing guidelines scheme. *See, e.g., United States v.*

13

*Pawlak*, 822 F.3d 902, 905 (6th Cir. 2016). Because Petitioner was sentenced in a state court, any *ex post facto* claim he has is founded on *Miller* and did not require the existence of *Peugh*.[2] Therefore, Petitioner's *ex post facto* claim is not based on a change in law that occurred after his conviction, and § 2244(d)(1)(C) does not set a later starting point for the period for Clemens to file his habeas petition than § 2244(d)(1)(A).

Based on the facts of this case, § 2244(d)(1)(A) sets the latest possible starting point to calculate the period in which Clemens could have timely filed a habeas petition. This period expired in 2007, a year after his conviction became final minus the time his first state post-conviction proceeding was pending in the state courts. Thus, when Clemens submitted his federal habeas petition in 2015, the limitations period had already been expired for about eight years.[3]

---

[2] Moreover, even if *Peugh* were applicable in this case, it has not been held to be retroactively applicable to cases on collateral review. *See Rogers v. United States*, 561 F. App'x 440, 444 (6th Cir. 2014) (citing *Teague v. Lane*, 489 U.S. 288, 310–11 (1989)); *see also Thai v. Warden Lewisburg USP*, 608 F. App'x 114, 117 (3d Cir. 2015) ("Even accepting, arguendo, [petitioner's] contention that *Peugh* is relevant to the facts of [this] case, it does not apply retroactively to cases on collateral review, as other courts have held.").

[3] The Court acknowledges that dismissing this petition as untimely is a disappointing result for Clemens, but it is consistent with and required by 28 U.S.C. § 2244. Indeed, the state court has acknowledged that errors in the trial court, the

Federal courts may equitably toll the limitations period where exceptional circumstances are present. *Holland v. Florida*, 560 U.S. 631, 651–52 (2010). Clemens' petition does not suggest that any exceptional circumstance stood in his way from timely filing his habeas petition. Indeed, he appears to have taken no action at all to challenge the validity of his conviction or sentence in any court from the time the state trial court denied his first motion for relief from judgment in November 2005 until the date he filed his second motion for relief from judgment in December 2013.

Petitioner's *pro se* status and any personal lack of knowledge of the filing deadlines is not an extraordinary circumstance entitling him to equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (*pro se* status is not an extraordinary circumstance); *Allen v. Yukins*, 366 F.3d 396, 403–04 (6th Cir. 2004) (neither lack of knowledge of the law nor reliance on unreasonable or incorrect advice justify tolling the statute of limitations applicable to 28 U.S.C. § 2254 petition); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D.

---

Court of Appeals, and the State Supreme Court contributed to improperly sentencing Petitioner twelve years and sixth months more than the maximum time allowed in the state sentencing guidelines. (*See* ECF No. 15-27.)

Mich. 2002) ("The law is replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse for failure to follow established legal requirements.").

Finally, a credible claim of actual, factual innocence may also equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But neither the state court record nor any of Petitioner's claims speak to any credible assertion of factual innocence. The closest Petitioner comes to such an argument is that the victim's testimony was vague enough to warrant a self-defense jury instruction. This claim, based entirely on the state court record, however, does not come close to establishing Petitioner's actual innocence to justify equitable tolling.

Accordingly, because the habeas petition was originally filed after the expiration of the statute of limitations, Respondent's motion (ECF No. 14) will be granted, and this petition will be dismissed.

### B.  Appealability

After a federal Court denies a habeas petition it must determine whether the habeas petitioner is entitled to a certificate of appealability. Here, jurists of reason would not debate the Court's conclusion that the

petition is subject to dismissal under the statute of limitations. Petitioner is therefore not entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

The Court also finds that an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a). Therefore, permission to appeal *in forma pauperis* is likewise denied.

## IV. Conclusion

Accordingly, the Court DISMISSES the petition for a writ of habeas corpus, DENIES a certificate of appealability, and DENIES permission to appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: June 15, 2022       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager